MICHAEL J. McGOWAN & others *vs.* JAMES McGOWAN & wife.

A resulting trust is not created by implication of law in favor of one who pays part of the purchase money of real estate conveyed to another, unless such payment is made for some specific part or distinct interest in the estate.

ACTION OF CONTRACT, by the heirs of John McGowan, praying for relief in equity, to enforce a resulting trust. The plaintiff alleged that on the 15th of December 1851 John McGowan purchased certain real estate of Duncan McKendrick; that " the consideration paid was three hundred and twenty dollars, and also twenty four dollars more agreed at the time to be paid and paid by said John to McKendrick; that said John did not take the deed in his own name, but had it conveyed from said McKendrick to said John's brother, James McGowan, who took the said property in trust to hold the same to the use of said John and his heirs and assigns, though it did not appear in the deed that said James took said property in trust as aforesaid, but the deed showed an absolute conveyance to said James in fee;" that on the 19th of said December said James, at John's request, made a note for $320, secured by mortgage of the premises, to Samuel B. King of Taunton, payable in five years, with interest annually; " that at the time of the purchase of the property, and at the time of said mortgage, it was agreed and understood by James and John that said John was to proceed and erect a dwelling-house on said premises, and whatever other buildings he chose for his residence, and that said James should hold the same in trust for said John as aforesaid;" that John,

within two years, proceeded to erect a dwelling-house on the premises at an expense of $1100, and from the time of the completion of the house until his death in June 1858 occupied the premises with his family, and leased a part of the house and received the rents to his own use, and "also paid the annual interest on said mortgage to King as aforesaid, furnishing his brother James with the money for that purpose;" that on the 7th of June 1852 James conveyed most of his real estate, including this land, with notice of the trust, to his brother Patrick, who, on the next day, conveyed the same to Catharine McGowan, wife of James, with like notice; that Catharine and James, at the request of John, made a note of $400 and interest, secured by mortgage on the premises, to Abiathar K. Williams, in payment for lumber furnished by him and used in building the dwelling-house; that John regularly paid the interest on this note during his lifetime, and that all the labor and materials for the house were furnished at John's request and charge, and paid for by him; "and the said James and Catharine and Patrick never, during the lifetime of said John, paid from their or either of their own proper funds, any part or portion of the interest on said mortgage, or of the sums expended for the labor and materials aforesaid; nor did they expend anything except moneys furnished by said John; and during the lifetime of said John, by their acts and admissions, always acknowledged that they held said premises upon the trust aforesaid, to wit, as trustee and trustees of said John McGowan; but that since the decease of said John, said Catharine claims and pretends that the whole of said property belongs to her absolutely, and that she does not hold it in trust as aforesaid; and she and her said husband threatened and have attempted to eject the plaintiffs from said premises, and do claim to receive the rents and profits of the premises, and have received a portion of them."

The defendants demurred generally.

*B. Sanford,* for the defendants.

*J. Brown,* for the plaintiffs.

HOAR, J.    The plaintiffs seek, by their bill, to enforce the execution of a resulting trust.    The case made by the bill is

undoubtedly one of considerable hardship; but we are unable, upon careful examination, to perceive that it admits of any relief from a court of equity, consistently with a due regard to the well settled principles of law. The whole consideration for the purchase of the estate was three hundred and forty four dollars, of which three hundred and twenty dollars was paid by the note of James McGowan, under whom the defendants claim, and to whom the conveyance was made; and twenty four dollars agreed to be paid in labor by John McGowan, the father of the plaintiffs, which was afterward paid by him. The subsequent transactions between the parties, and the improvements made upon the estate, being all proved by parol evidence, and proceeding from contracts not in writing, do not change their original relation to the title.

There is no doubt of the correctness of the doctrine, that where the purchase money is paid by one person, and the conveyance taken by another, there is a resulting trust created by implication of law in favor of the former. And where a part of the purchase money is paid by one, and the whole title is taken by the other, a resulting trust *pro tanto* may in like manner, under some circumstances, be created.

But in the latter case we believe it to be well settled that the part of the purchase money paid by him in whose favor the resulting trust is sought to be enforced, must be shown to have been paid for some specific part, or distinct interest in the estate; for " some aliquot part," as it is sometimes expressed; that is, for a specific share, as a tenancy in common or joint tenancy of one half, one quarter, or other particular fraction of the whole; or for a particular interest, as a life estate, or tenancy for years, or remainder, in the whole; and that a general contribution of a sum of money toward the entire purchase is not sufficient. *Crop* v. *Norton*, 2 Atk. 74. *Sayre* v. *Townsends*, 15 Wend. 647. *White* v. *Carpenter*, 2 Paige, 217. *Perry* v. *McHenry*, 13 Ill. 227. *Baker* v. *Vining*, 30 Maine, 121.

The case of *Jenkins* v. *Eldredge*, 3 Story, 181, might be considered a conflicting authority; but, beside the question how far the doctrines of that case can be reconciled with the general

current of decisions in this commonwealth, the ground upon which Mr. Justice Story proceeded with the most confidence in his elaborate judgment in that cause seems undoubtedly to have been, that the agreement of Eldredge to make and preserve as evidence a written declaration of trust, which he afterwards neglected and refused to make, would constitute a case of constructive fraud, against which equity would relieve.

In the case at bar, there is no allegation that any division of the property was contemplated by the parties ; or that the work done by John McGowan in part payment for the conveyance was intended as anything but a small contribution toward the entire purchase.        *Demurrer sustained and bill dismissed.**

---

* A similar decision was made in Berkshire at September term 1860, in the case of

### BUSHROD BUCK *vs.* CHARLES H. WARREN,

in which a demurrer was sustained to a declaration in an action of contract, praying for relief in equity, which alleged that the plaintiff mortgaged land in Lanesborough worth $14,000 to Henry Shaw, to secure him as surety for the plaintiff on a promissory note for $4000 to Daniel Smith; that Shaw assigned the mortgage to Smith, who entered for foreclosure, and remained in possession of the land for more than five years; that, the amount due on the note being then $4649.77, the plaintiff agreed with Smith and Henry Warren that the plaintiff should pay $149.77 of the note, and Smith should convey the land to said Warren, and for the residue of the note Warren should give Smith his own note, secured by mortgage on the land, and should hold the land in trust to apply the rents and profits in payment of the note, and, after such payment, to hold the land in trust for the plaintiff; that the land was so conveyed by a deed, absolute in terms, but solely in trust as aforesaid, and Warren took possession of the land and received from the income thereof more than the amount of the note ; that the plaintiff placed in the hands of Warren property exceeding in value the amount of the note, but Warren conveyed away the land, without consideration, to one who had notice of the trust, and who since made a voluntary conveyance thereof, with like notice, to the defendant, the son and heir of Henry Warren ; that Henry's estate was said to be insolvent, and the holders of the note and mortgage offered to relieve it from all liability on account of the note ; that the plaintiff had repeatedly offered to Henry before he conveyed away the land, and to the defendant since he took it, to relieve them of any such liability, and demanded a deed of the land, and been refused ; and that the plaintiff was and ever had been ready to relieve any person from liability on account of the note.

*H. L. Dawes,* for the defendant.

*J. E. Field,* for the plaintiff.